# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4199-19

K.C.,

     Plaintiff-Respondent,

v.

R.Q.,

     Defendant-Appellant.

_____

Submitted November 4, 2021 – Decided March 9, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FV-14-0700-20.

Maitlin Maitlin Goodgold Brass & Bennett, attorneys for appellant (Scott A. Gorman, of counsel and on the briefs).

Desena & Petro, attorneys for respondent (Benjamin P. De Sena, on the brief).

PER CURIAM

Plaintiff commenced this action, pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, claiming defendant made a threatening call from a third party's phone after she had blocked him. The call was on speaker because plaintiff, a hairdresser, was coloring a client's hair and asked her to pick up the call. The client overheard the conversation and testified at trial about defendant's threatening words and tone during the call. She stated she was frightened, and plaintiff was visibly shaken by the call.

On June 26, 2020, after a trial, Judge James M. DeMarzo rendered an oral opinion and judgment granting a final restraining order (FRO) against defendant, finding the evidence satisfied both prongs of Silver v. Silver, 387 N.J. Super. 112 (App. Div. 2006). He found the subject call constituted harassment because it was made "with the purpose to upset and seriously annoy the plaintiff into complying with his demands." N.J.S.A. 2C:33-4(c). The judge concluded an FRO was warranted based on a well-documented history of domestic violence between the parties and the insufficiency of the current civil restrains to deter defendant from similar acts of harassment.

On appeal, defendant raises three points for our consideration:

POINT I

THE [TRIAL] COURT ERRED WHEN IT FOUND THAT DEFENDANT COMMITTED AN ACT OF

2                                                              A-4199-19

HARASSMENT WHEN THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH THAT DEFENDANT MADE REPEATED COMMUNICATIONS THAT WOULD REASO[N]ABLY CAUSE PLAINTIFF TO FEAR FOR HER SAFETY OR SECURITY.

POINT II

THE [TRIAL] COURT ERRED WHEN IT FOUND THAT THE PLAINTIFF NEEDS THE PROTECTION OF A DOMESTIC VIOLENCE RESTRAINING ORDER TO PREVENT HER FROM BEING SUBJECTED TO FUTURE ACTS OF DOMESTIC VIOLENCE WHEN THE ALLEGED PREDICATE ACT OF DOMESTIC VIOLENCE WAS A STATEMENT MADE BY DEFENDANT DURING A DISAGREEMENT OVER PARENTING TIME.

POINT III

DEFENDANT IS ENTITLED TO A NEW HEARING BECAUSE HE WAS DENIED DUE PROCESS WHEN THE TRIAL JUDGE EXHIBITED BIAS AGAINST HIM BY INTRODUCING INADMISSIBLE EVIDENCE OF ALLEGED PRIOR BAD ACTS, SUA SPONTE, BY CONDUCTING OUTSIDE RESEARCH TO FIND EVIDENCE THAT WAS PREJUDICIAL TO DEFENDANT AND BY PREVENTING DEFENSE COUNSEL FROM QUESTIONING PLAINTIFF ABOUT MATERIAL ISSUES.

We reject defendant's meritless arguments and affirm, substantially for the reasons set forth in the judge's through and thoughtful opinion. We add the following comments.

A-4199-19

Our review of a trial judge's fact-finding function is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). A judge's findings of fact are "binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)).

Deference is particularly warranted where, as here, "the evidence is largely testimonial and involves questions of credibility." Id. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). Such findings become binding on appeal because it is the trial judge who "sees and observes the witnesses," thereby possessing "a better perspective than a reviewing court in evaluating the veracity of witnesses." Pascale v. Pascale, 113 N.J. 20, 33 (1988) (quoting Gallo v. Gallo, 66 N.J. Super. 1, 5 (App. Div. 1961)). Therefore, we will not disturb a judge's factual findings unless convinced "they are so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice." Rova Farms, 65 N.J. at 484 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)).

After considering the testimony and documents submitted at trial, the judge found plaintiff's client to be highly credible, noting she had "no skin in the game." The judge also found credible plaintiff's overall account of the

4

parties' history of domestic violence. In that regard, plaintiff's account was supported, in several instances, by documentation that included videos, photographs of her injuries, and transcripts of witness testimony. On the other hand, the judge found that "defendant didn't have a lot of I think solid excuses for the prior history."

Judge DeMarzo found that defendant's intent in making the call was to specifically upset and seriously annoy or intimidate plaintiff. He rejected defendant's argument that the call involved a mere contretemps concerning parenting time. The judge observed that defendant actively circumvented both legal and physical barriers to place the call, in violation of existing civil restraints, by using a third party's phone to get around the telephone block.

After careful examination of the record, we are satisfied that the evidence amply supported the judge's determination that the predicate act of harassment was satisfied by the telephone call and that an FRO was necessary to protect plaintiff from further harassing communications, as less onerous measures had failed to deter defendant.

We similarly reject defendant's argument that the judge acted improperly in reviewing past TRO complaints filed against him. While judges are not generally allowed to rely on independent research, <u>Lazovitz v. Bd. of</u>

Adjustment, 213 N.J. Super. 376, 382 (App. Div. 1986), there is an exception for domestic violence cases. The Domestic Violence Procedures Manual provides: "The judge . . . shall review all related case files involving the parties." Sup. Ct. of N.J. & Att'y Gen. of N.J., State of New Jersey Domestic Violence Procedures Manual § 4.5.4 (Oct. 9, 2008). It further provides: "At the time of the Final Hearing, the court's file should contain . . . prior domestic violence history, if any; and relevant financial, social and criminal record history." Id. at § 4.10.5. Given these mandatory directives, there was no error.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4199-19